# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

GINA L. CANTRELL, )
         Plaintiff, )
         v. ) No. 10-0384-SSA-CV-W-MJW
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
         Defendant. )

## ORDER

Plaintiff Gina L. Cantrell seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Social Security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. The parties' briefs are fully submitted, and an oral argument was held on January 20, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff Gina L. Cantrell was born in 1961 and alleged she became disabled beginning on October 7, 2007, at age forty-six. At the administrative hearing, plaintiff amended her disability onset date to October 30, 2006. In her disability report, plaintiff alleged disability due to a bulging disc in her back. In her disability report appeal, plaintiff also alleged disability due to depression caused by her chronic back pain. Plaintiff has a high school education, and past relevant work as a deli cook and deli clerk.

Plaintiff alleges the Administrative Law Judge (ALJ) erred in (1) not giving controlling weight to the medical opinion of Dr. Purcell, plaintiff's treating physician; (2) improperly evaluating plaintiff's credibility; and (3) failing to find plaintiff's depression a severe impairment.

Upon review, for the reasons set forth below, this court finds the final decision of the Commissioner is supported by substantial evidence on the record as a whole.

The ALJ did not err in determining plaintiff's depression was not severe. The ALJ properly assessed plaintiff with the severe impairments of chronic low back pain secondary to bulging discs, degenerative disc disease and lumbar radiculopathy. In making his determination, the ALJ expressly considered all plaintiff's alleged impairments, and specifically addressed her depression. The ALJ properly analyzed plaintiff's depression under the four broad functional areas set out in the disability regulations for evaluating mental disorders. The ALJ specifically reviewed the medical records and the record as a whole in addressing the functional areas. The

record shows the treatment plaintiff received prior to 2009 for mental impairments was minimal and was based on subjective complaints. When plaintiff was seen by a psychiatrist in 2009 (plaintiff's only mental evaluation in the record), the psychiatrist rated her mental impairments as non-severe. The ALJ properly determined that plaintiff's depression caused no more than minimal limitation in her ability to perform basic mental and work activities, and therefore, was non-severe.

The ALJ did not err in giving little weight to the Medical Source Statement of plaintiff's treating physician, Dr. Purcell. Although a treating physician's opinion is generally entitled to substantial weight, it does not automatically control in the face of other credible evidence on the record that detracts from that opinion. Heino v. Astrue, 578 F.3d 873, 880 (8th Cir. 2009). An ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007).

Here, the ALJ properly discussed the reasons for discounting Dr. Purcell's residual functional capacity statement, noting that Dr. Purcell's statement was inconsistent with the objective medical evidence in the record, Dr. Purcell's own treatment notes, and plaintiff's level of activities of daily living. See Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (discussing factors in considering amount of weight given to a medical opinion). The ALJ properly credited other medical evaluations in the record over that of Dr. Purcell because those assessments are supported by better evidence within the record as a whole. Heino, 578 F.3d 879.

The ALJ did not err in assessing plaintiff's credibility. The ALJ's credibility findings were based on valid reasons. The ALJ properly considered the inconsistencies between plaintiff's subjective allegations of disabling pain and the objective medical evidence. The ALJ also noted that plaintiff's reported daily activities were inconsistent with her complaints of disabling pain. See id. ("Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimants' credibility."). The ALJ properly concluded that while plaintiff had medically determinable impairments reasonably expected to produce the alleged symptoms, her complaints of the severity of disabling pain were not entirely credible. The record contains substantial evidence to support the ALJ's decision discounting plaintiff's complaints of disabling pain. Plaintiff's asserted err by the ALJ in not specifically mentioning her work history

3

in the assessment of her credibility is without merit. Plaintiff's work history is clearly recognized in the ALJ's opinion, and moreover, the ALJ is not required to include in his discussion of credibility every Polaski factor and how it relates to plaintiff's credibility. Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2005). The ALJ's credibility determination should be affirmed. Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) (credibility determination to be affirmed where ALJ articulated inconsistencies supported in the record that undermined claimant's subjective complaints). See also Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003) (credibility questions concerning claimant's subjective complaints are primarily for the ALJ to decide, and not the reviewing court).

This court finds that despite evidence that might sustain a different finding, the ALJ's conclusions that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record as a whole, and therefore, should be affirmed. Baldwin v. Barnhart, 349 F.3d 549, 555 (8th Cir. 2003) (even if inconsistent conclusions may be drawn from the evidence, the decision will be affirmed where the evidence as a whole supports either outcome). It is, therefore,

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 22nd day of April, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge